# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TIMMIE BRUCE TAYLOR,<br><br>    Defendant. | Case No.: 1:16-mc-0046-BAM<br><br>ORDER SETTING HEARING ON DEFENDANT'S CLAIMED EXEMPTION OF OUTFRONT MEDIA ANNUAL LEASE PAYMENTS<br><br>ORDER DIRECTING PARTIES TO RETURN CONSENT FORMS<br><br>December 20, 2016<br>9:00 a.m.<br>Dept. 8 |

On September 8, 2016, Plaintiff United States of America filed an "Application for Writ of Garnishment (Annual Lease Payments)" against garnishee Outfront Media, LLC pursuant to 28 U.S.C. § 3205(b)(1). (Doc. 3). The following day, a writ of garnishment was issued by the Clerk of the Court. (Doc. 6).  In conjunction with the foregoing, the Clerk issued a "Notice and Instructions to Judgment Debtor re: Writ of Continuing Garnishment form" which included a "Claim for Exemption" form directing Defendant/Judgment Debtor Timmie Taylor to request a hearing should he wish to claim such exemption. (Doc. 6).  On September 27, 2016, Defendant/judgment debtor "Timmie Taylor" filed a Request for Hearing along with a completed Claim for Exemption form. (Docs. 7, 8).

On September 30, 2016, the Court ordered Plaintiff to file a response addressing Defendant's claimed exemptions as well as the garnishee's failure to timely submit an acknowledgment of service and answer of garnishee form.  Pending Plaintiff's response, the Court declined to set a hearing.  (Doc. 9). On October 5, 2016, garnishee Outfront Media, LLC filed its "Acknowledgment of Service and

Answer of Garnishee (Annual Lease Payments)." (Doc. 10). Plaintiff also filed a response to Defendant's claim for exemptions. (Doc. 11).

On November 16, 2016, Defendant filed a renewed request for a hearing, which Plaintiff opposed on November 21, 2016. (Docs. 14, 15).

## ANALYSIS

As stated in 28 U.S.C. § 3205(c)(5), a judgment debtor may, within 20 days after receipt of a garnishee's answer, file written objection to the answer of the garnishee, along with a request for a hearing. Here, Defendant/Judgment Debtor Taylor filed his claim for exemption along with a request for hearing on September 27, 2016, eight days before the garnishee filed its answer. As Plaintiff argues, Defendant Taylor failed to comply with the time limits specified by 28 U.S.C. § 3205(c)(5). Defendant's hearing request was filed prior to the garnishee's answer and the renewed request was filed more than twenty days after receipt of the garnishee's answer.

While Plaintiff's objections to the hearing request are well taken, the Court "has a duty to ensure that *pro se* litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Defendant's request for a hearing, while seemingly early, may have been filed prematurely due to the garnishee's late response. Pursuant to 28 U.S.C. S 3205(c)(2)(E), Outfront Media was required to file and serve its written answer on or before September 22, 2016. Had the garnishee filed a timely response, Defendant's hearing request filed on September 27, 2016, would have been filed well within the time limit specified by 28 U.S.C. § 3205(c)(5). Instead, Outfront Media filed its untimely answer on October 5, 2016. An error that Plaintiff asks the Court to forgive due "to the garnishee's unfamiliarity with garnishments." (Doc. 11). Having accepted the late answer, the Court will likewise accommodate Defendant's arguable untimely request for a hearing.

Section 3205(c)(5) states that "[t]he court shall hold a hearing within 10 days after the date the request is received by the court, or as soon thereafter as is practicable, and give notice of the hearing date to all the parties." *Id.*

Accordingly, it is HEREBY ORDERED that a hearing on the claimed exemption of Outfront Media lease payments shall be conducted on December 20, 2016, at 9:00 a.m., before Magistrate

Judge Barbara A. McAuliffe, in Courtroom 8 at 2600 Tulare Street, Fresno, CA, 93721. Finally, the Clerk of the Court is directed to mail a Consent to Magistrate Jurisdiction Form to Defendant. Both parties shall complete a consent form and advise the Court whether or not they will consent to Magistrate Judge jurisdiction by December 6, 2016. If the parties decline to consent, a United States District Judge will be assigned to this matter.

IT IS SO ORDERED.

Dated:   **November 29, 2016**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE