# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TIMMIE BRUCE TAYLOR,<br><br>　　　　Defendants. | Case No. 1:16-mc-0046-BAM<br><br>ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 16) |

Defendant Timmie Taylor ("Defendant") requests appointment of counsel in this garnishment action filed on September 8, 2016. (Doc. 16). Defendant seeks counsel on the grounds that he lacks resources to hire an attorney. (Doc. 16).

Defendant does not have a constitutional right to the appointment of counsel in this case. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Although this action arises out of a criminal judgment, it is nonetheless a civil garnishment action. It is "well-established that there is generally no constitutional right to counsel in civil cases." *United States v. Sardone,* 94 F.3d 1233, 1235 (9th Cir. 1996). However, in certain instances, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1), but it will do so only if exceptional circumstances exist. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of a *pro se* party to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970

(citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331.  Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn,* 789 F.2d at 1331.

In the present case, there are no exceptional circumstances warranting the appointment of counsel in this civil proceeding. Even if it is assumed that Defendant is not well versed in the law and that he has raised serious objections to garnishment, which, if proved, would entitle him to relief, his case is not exceptional. This Court is regularly faced with similar cases.  Thus, the Court does not find this to be a serious and exceptional case necessitating the appointment of counsel at this time.  Also, based on a review of the record, the Court does not find that Defendant cannot adequately articulate his claim for exemptions.  *Palmer*, 560 F.3d at 970. Indeed, this is Defendant's second attempt to challenge the garnishment of his finances.  In a separate action before this Court, Defendant, proceeding *pro se,* argued against the garnishment of his bank account. *See United States v. Taylor*, 2015 WL 128160 *3 (E.D. Ca. Jan 8, 2015); CR ECF No. 121-1. In the instant action, Defendant has filed several motions with the Court, including a request for a hearing that the Court granted over Plaintiff's objections.  (Doc. 17). The Court therefore does not find that Defendant cannot adequately articulate his claims.

Accordingly, it is HEREBY ORDERED that Defendant's motion for the appointment of counsel (Doc. 16) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **December 5, 2016**              /s/ *Barbara A. McAuliffe*       _
                                                  UNITED STATES MAGISTRATE JUDGE