UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>TIMMIE BRUCE TAYLOR,<br><br>        Defendant. | Case No.: 1:16-mc-0046-BAM<br><br>ORDER DENYING DEFENDANT'S CLAIM FOR EXEMPTION |

This matter is before the Court on Defendant Timmie Taylor's ("Defendant or Mr. Taylor") objections and request for hearing to the September 9, 2016 writ of continuing garnishment requested by the United States of America. (Doc. 7). On September 30, 2016, the Court declined to set a hearing, but ordered Plaintiff United States of America to file a response to Defendant's objections within fourteen days.  On October 13, 2016 and November 4, 2016, Plaintiff filed a response and supplemental response to Defendant's objections. On November 16, 2016, Defendant filed a reply and an additional request for a hearing.  (Doc. 14).  On December 20, 2016,  the Court conducted a hearing on Defendant's Claim for Exemption.  (Doc. 20).  The parties consented to the jurisdiction of the magistrate judge. (Doc.  18, 21).  Counsel Kurt Didier appeared on behalf of Plaintiff.  Defendant Timmie Taylor appeared in person.  Having considered the briefing and the oral  arguments, and the Court's file, the Court finds that Defendant is not entitled to the relief requested.

## BACKGROUND

On September 8, 2016, Plaintiff, the United States of America, filed an application for writ of garnishment of Defendant's lease payments from Outfront Media, LLC (F/K/A CBS Outdoor, LLC and CBS Outdoor, Inc.). The application stated that Defendant receives from garnishee Outfront Media, LLC annual lease payments pursuant to a multi-year Sign Location Lease dated September 27, 2012 for allowing Garnishee to advertise at a premises in Clovis, California. The Clerk of the Court issued the writ on September 9, 2016.  On that same day, the Clerk of the Court sent Defendant a Notice and Instructions to Judgment Debtor re: Writ of Continuing Garnishment form, which informed Defendant of his right to request a hearing if his proposed property to be garnished fell within federal and/or state exemptions. (Doc. 4).   Defendant was notified, "that there are exemptions under the law which may protect some of the property from being taken by the Government if [Defendant] can show that the exemptions apply." (Doc. 4).  An itemized list of the major exemptions which apply in most situations in the State of California was attached to the Instructions. On September 27, 2016, Defendant returned the form requesting a hearing and claiming that an exemption applied to the writ of garnishment.  (Docs. 7, 8).  In relevant part, Defendant selected the section of the form that states:

> 11**. Minimum exemptions for wages, salary and other income**. The exemptions under 26 U.S.C. § 6334(a)(9) do not apply in criminal cases. The exceptions under the Consumer Credit Protection Act, 15 U.S.C. § 1673, for disposable earnings, automatically apply and do not need to be claimed. The aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed (1) 25% of his/her disposable earnings for that week . . . .

(Executed Claim for Exemption Form; Doc. 7.)

On October 5, 2016, Garnishee Outdoor Media, LLC filed an acknowledgment of service and answer.  According to its answer, Garnishee and Defendant are parties to a written Sign Location Lease dates September 27, 2012.  Pursuant to the Lease, Garnishee leases from Defendant a portion of Defendant's property in Fresno, California, upon which Garnishee owns and operates an outdoor advertising structure.  The lease is for a 12-year term that expires on October 31, 2024.  Garnishee pays Defendant $9,189 per year in rent, payable annually in advance.  The rent increases to $10,843

per year in years 7 through 12 of the lease term. The next annual lease payment is due on November 1, 2016.

Garnishee Outdoor Media, LLC previously received garnishment orders from the California Franchise Tax board. Pursuant to those garnishment orders, Outdoor Media presently pays $2,297.25 of the annual lease payments to the California Franchise Tax Board. (Doc. 10).

By its garnishment proceeding, the United States seeks to recover the unpaid $337,682.00 restitution order entered against Defendant Taylor in the underlying criminal case number 1:03-cr-05161-DAD. The Court convicted Defendant of, among other things, multiple counts of Mail Fraud and Aiding and Abetting. *Id.*

## LEGAL STANDARD

The Federal Debt Collections Procedure Act ("FDCPA"), 28 U.S.C. § 3001, et seq., "provides the exclusive civil procedures for the United States. . . to recover judgment on a debt." 28 U.S.C. § 3001(a)(1). To collect a debt, the FDCPA authorizes the United States to seek a writ of garnishment from the court. 28 U.S.C. § 3205. Section 3205 of the FDCPA permits a court to issue a writ of garnishment against certain property of a debtor, including "nonexempt disposable earnings." 28 U.S.C. § 3205(a). The FDCPA defines disposable earnings as "earnings remaining after all deductions required by law have been withheld" and further defines "nonexempt disposable earnings" as "25 percent of disposable earnings." 28 U.S.C. § 3002(9).

Section 3205(b) states the general requirements for a Writ of Garnishment. 28 U.S.C. § 3205(b). Plaintiff must properly apply for the writ, provide the proper form of the writ, serve a request for an Answer on Defendant's employer, and serve the writ on the judgment debtor, all in compliance with the statute. 28 U.S.C. § 3205(c)(3). The Clerk of Court provides notice to the judgment debtor, along with a copy of the Application for Writ of Garnishment, in the form proscribed in Section 3202(b). The notice must include an explanation of the judgment debtor's rights, exemptions that may apply, and the procedures applicable if the judgment debtor disputes the issuance of the writ. 28 U.S.C. § 3202(b).

Section 3205(c)(5) allows a defendant to file a request for a hearing within twenty days after receipt of the Answer by the Garnishee. 28 U.S.C. § 3205(c)(5). The defendant must state the grounds

1 for the objection and bear the burden of proving such grounds. *Id.* A copy of the objection and request
2 for a hearing shall be served on the garnishee and all other parties. *Id.* Pursuant to Section 3202(d), the
3 Court is required to hold a hearing on the defendant's objection as soon as practicable. 28 U.S.C. §
4 3202(d). The Court shall determine the extent, if any, to which the exemption applies. 28 U.S.C. §
5 3014(b)(2). Under Section 3014(b)(2), the burden of persuasion is on the defendant to show the extent
6 of any exemption. 28 U.S.C. § 3205(c)(5).

7 Pursuant to Section 3202(d), the issues to be considered at a garnishment hearing are limited to
8 determining the validity of any claim of exemption and the government's compliance with statutory
9 requirements. 28 U.S.C. § 3202(d). A debtor's assertions in support of a request for a hearing must fall
10 within the subject matter outlined in Section 3202(d). *See United States v. Dunford*, 2012 U.S. Dist.
11 LEXIS 100632 (S.D. Cal. June 14, 2012*); U.S. v. Pettigrew*, 2011 U.S. Dist. LEXIS 25431, 2011 WL
12 900545, at 1 (N.D. Tex.); *U.S. v. Pedro*, 2011 U.S. Dist. LEXIS 64049, 2011 WL 2262226, at 3 (D.
13 Ariz.).

14 ## DISCUSSION

15 As set forth in 18 U.S.C. § 3613, the United States may enforce "a judgment imposing a fine
16 …against all property or rights to property of the person fined," *id*. (italics added), with one limitation
17 being that the provisions of the Consumer Credit Protection Act (15 U.S.C. § 1673) also apply. 18
18 U.S.C. § 3613(a)(3).

19 Section 1673 of the Consumer Credit Protection Act ("CCPA") imposes restrictions on
20 garnishment by, in certain circumstances, setting a maximum allowable amount of garnished funds.
21 Specifically, the CCPA provides:

22 [T]he maximum part of the aggregate disposable earnings of an individual for any
23 workweek which is subjected to garnishment may not exceed
24 (1) 25 per centum of his disposable earnings for that week, or
25 (2) the amount by which his disposable earnings for that week exceed thirty
26 times the Federal minimum hourly wage . . . in effect at the time the earnings are
27 payable, whichever is less.
28 15 U.S.C. 1673(a). As used in section 1673 of the CCPA, the term "earnings" is defined as follows:

> The term "earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program. 15 U.S.C. § 1672(a).

Defendant rests his claim for exemption upon the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1673. According to Mr. Taylor, the annual lease payments that he receives from Outdoor Media, LLC are "earnings" within the meaning of section 1672(a) and therefore the CCPA precludes the government from garnishing any more than 25 percent of those earnings. The Court disagrees. The annual lease payments that Defendant receives from Outdoor Media, LLC are not earnings as contemplated by the CCPA for two reasons.

First, Defendant's rental income for the billboard/signage space is not an exempted wage, and thus not subject to any percentage limitation under the CCPA. The CCPA does not protect income received outside of the employer/employee relationship. The CCPA's legislative history makes clear that the statute was created to protect earnings and job security within the employer/employee relationship. *Donovan v. Southern California Gas Co.*, 715 F.2d 1405 (9th Cir. 1983) (discussion of legislative history). Indeed, other courts have determined that even income earned in the employment context but by a self-employed professional or independent contractor does not qualify as "earnings" subject to exemption. *See Moses v. DeVersecy*, 157 Cal. App. 3d 1071, 1074, 203 Cal. Rptr. 906 (1984) (self-employed accountant could not claim earnings exemption); *Transportation Mgmt. & Consulting, Inc. v. Black Crystal Co.*, Inc., 2008 U.S. Dist. LEXIS 8900, 2008 WL 205592, * 2 (N.D. Cal. Jan. 24, 2008) (solo practitioner could not claim earnings exemptions). Defendant does not and cannot demonstrate that he is either employed by Outdoor Media, LLC or that he provides Outdoor Media with compensable services. *See also Usery v. First Nat'l Bank of Arizona*, 586 F.2d 107, 110 (9th Cir. 1978) (stating that the application of the CCPA garnishment cap is limited to payments by "employers (or those who stand in the position of employers by virtue of paying or owing compensation for services to the individual debtor)").

Rather, the lease agreement between Outdoor Media, LLC and Defendant is the result of a landlord/tenant relationship. The United States is seeking to garnish Defendant's annual lease payments derived from his status as the lessor of a billboard leased to garnishee for advertising

generated revenue. Defendant is therefore not performing a personal service for garnishee, instead he is renting to garnishee a large piece of equipment, which garnishee uses to generate its own advertising and marketing income. By the terms of the lease with garnishee, garnishee pays to Defendant annual "rent," not earnings or wages. *See* Declaration of Kurt A. Didier ("Didier Decl."), Ex. A (Doc. 11-1 at ¶ 6).

Second, like a lump sum tax return, the annual lease payment here "has neither an element of periodicity nor the critical relationship to a person's subsistence that a paycheck does." *Usery*, 586 F.2d 110. *See Kokoszka v. Belford*, 417 U.S. 642, 651 (1974) (finding that the term "earnings" as used in the CCPA is "limited to periodic payments of compensation") (internal quotations and citation omitted). The purpose of § 1673(a) of the CCPA was to prevent honest debtors from plunging into bankruptcy by protecting at least 75 percent of their regular take home pay so that they would have enough cash to meet their basic personal and family needs. H.R. Rep. No. 90-1040, at 10 (1968), reprinted in 1968 U.S.C.C.A.N. 1962, 1977-79. Looking to this legislative history, the United States Supreme Court has interpreted "earnings" and "disposable earnings" as used in 15 U. S. C. §§ 1672, 1673 as "periodic payments of compensation needed to support the wage earner and his family on a week-to-week, month-to-month basis." *Kokoszka*, 417 U.S. at 651. Accordingly, this definition does "not pertain to every asset that is traceable in some way to such compensation." *Id.* (*quoting In re Kokoszka*, 479 F.2d 990, 997 (2d Cir. 1973). Based on this understanding of the scope of what constitutes earnings, the Court in *Kokoszka* determined that a tax refund does not fall into this definition. *Id.*

Finally, to the extent that Defendant challenges the garnishment based on an overall financial hardship, his argument likewise fails. As Defendant was previously advised in his related case *United States v. Taylor*, 2015 WL 128160 *3 (E.D. Ca. Jan 8, 2015), "economic distress…[is not] a cognizable ground for relief from a garnishment action." *See id*; *United States v. Mahar*, 42 F.3d 1389 at *1 (6th Cir. 1994); *United States v. Lawrence*, 538 F.Supp.2d 1188, 1194 (D.S.D.2008) in support of the propositions set forth). That Defendant is unable to afford the amount of a lawful garnishment is not a permissible defense to raise under 28 U.S.C. § 3202(d).

The Court therefore agrees with Plaintiff that the rental income from the lease agreement does not qualify as earnings such that it is subject to the exemptions in the CCPA. The rental income is not related in any way to Defendant's employment. Consequently, consistent with the legislative history of the CCPA and the Act's narrow definition of earnings, Defendant has failed to prove that the rental income he receives is akin to compensation for employment related services.  Accordingly, the Court finds that these funds do not meet the statutory definition of "earnings." Defendant's claim for exemption should be denied. Further, financial hardship is not a statutorily recognized exemption.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's claim for exemption is DENIED.  Plaintiff's application for a writ of continuing garnishment shall be granted, and that a final order of continuing garnishment be entered that garnishes the annual billboard/signage lease payments through the current lease term plus any extensions thereof.

IT IS SO ORDERED.

Dated:   **December 23, 2016**          /s/ *Barbara A. McAuliffe*         
                                        UNITED STATES MAGISTRATE JUDGE