1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

     Plaintiff,

              v.

TIMMIE BRUCE TAYLOR,

     Defendant.

Case No. 1:16-MC-0046-BAM
(underlying case no. 1:03-CR-05161-AWI)

**ORDER OF GARNISHMENT**

17       On December 20, 2016, the Court held a hearing on defendant Timmie Bruce Taylor's claim of

18  exemption to plaintiff United States' application to garnish the annual lease payments garnishee

19  Outfront Media, LLC pays Defendant to rent a billboard on his property.  Plaintiff and Defendant

20  appeared at the hearing and both parties consented to the jurisdiction of the Magistrate Judge in

21  accordance with 28 U.S.C. § 636(c)(1).  Based on the Court's review of the written filings in this case

22  and following argument and Defendant's sworn testimony at the hearing, the Court denied Defendant's

23  claim of exemption and granted the United States' application for an order of continuing garnishment.

24       Accordingly, it is ADJUDGED, DECREED and ORDERED as follows:

25       1.     Defendant's claim that the annual rent payments he receives from Outfront Media

26  pursuant to a written Sign Location Lease Agreement dated September 27, 2016[1] are partially exempt

27

28       [1] The Lease filed as exhibit A to ECF No. 11-1 bears the number 906507 while Outfront Media's
Acknowledgment of Service and Answer of Garnishee (ECF No. 10) identifies the Lease number as

ORDER                             1

1  from garnishment under 15 U.S.C. §§ 1672 and 1673 is DENIED.  Defendant's claim that his financial

2  hardship bars the United States' requested relief is also DENIED.

3      2.    The United States' application for a final order of continuing garnishment against the

4  annual rent payments Defendant receives from Outfront Media pursuant to the Lease Agreement

5  described above (the Lease) is GRANTED pursuant to 28 U.S.C. §§ 3202 and 3205 of the Federal Debt

6  Collection Procedures Act, 28 U.S.C. §§ 3001, *et seq*.

7      3.    Within 20 days from the date this order is filed, Outfront Media shall PAY to the Clerk of

8  Court the difference between the $9,189 Outfront Media owes Defendant for the rent due on November

9  1, 2016 pursuant to the Lease and the $2,297.25 Outfront Media presently pays the California Franchise

10  Tax Board in compliance with the Franchise Tax Board's previously obtained garnishment orders (Nos.

11  637752972992040728 and 647519122288275596).

12      4.    Each year thereafter, for as long as the Lease remains in effect, Outfront Media shall

13  PAY to the Clerk of Court the annual rent amount it owes Defendant less any sum Outfront Media must

14  pay to the Franchise Tax Board pursuant to the garnishment orders listed in paragraph 3, above.

15  Outfront Media shall make its annual payment to the Clerk of Court by November 1 of each successive

16  year.  Outfront Media's payment obligation under this order remains in effect consistent with Outfront

17  Media's definition in its Acknowledgment of Service and Answer of Garnishee of the Lease's current

18  multi-year term plus any successive year-to-year terms to which the Defendant and Outfront Media

19  agree.

20      5.    Outfront Media shall MAKE its payments via check or money orders payable to the

21  "Clerk of the Court" and deliver the payments to the Clerk's office, located at the United States District

22  Court, 501 I Street, Suite 4-200, Sacramento, California 95814.  On its payment instrument, Outfront

23  Media shall reference the underlying case name and number (US v. Taylor, Case No. 1:03-CR-05161-

24  AWI), and if it desires a payment receipt, shall include a self-addressed, stamped envelope with its

25  payment.

26      6.    Outfront Media shall NOTIFY counsel of record for the United States so that Plaintiff

27  _____

28  906527.  The Court assumes the Lease number stated in ECF No. 10 is a typographical error of no
consequence to this order.

ORDER                                    2

1  may bring the matter to the Court's attention if either party to the Lease seeks to: change the annual rent

2  amount from the amounts stated in the Lease; modify a material term of the Lease; cancel or terminate

3  the Lease; or negotiate a new lease for Defendant's billboard space.  The United States shall have 30

4  days from notification to raise the matter with the Court.

5         7.     This Court shall retain jurisdiction over this case, including, for the purpose of enforcing

6  this order.

7

8  IT IS SO ORDERED.

9      Dated:   **December 23, 2016**        /s/ *Barbara A. McAuliffe*

10                                  UNITED STATES MAGISTRATE JUDGE

ORDER             3